UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:16-cr-00237-T-27JSS

MICHAEL CHARLES WYNN, JR.

_____/

**ORDER**

THIS MATTER is before the Court on Defendant's Motion for Revocation or Amendment of the Detention Order ("Motion").  (Dkt. 22.)  The Court held a hearing on the Motion on July 5, 2016.  For the reasons stated at the hearing and below, the Motion is denied.

This is Defendant's second request for conditions of release pending trial.  Previously, on June 2, 2016, the Court held a contested detention hearing in this matter, with the Government seeking detention and Defendant requesting bail.  (Dkt. 6.)  Following the detention hearing, the Court entered its Order of Detention Pending Trial on June 2, 2016.  (Dkt. 9.)  Defendant now seeks revocation or amendment of the Court's Order of Detention Pending Trial pursuant to 18 U.S.C. § 3145 on the grounds that conditions of release are available to help assure Defendant's appearance at future Court proceedings and the safety of the community as provided in the Bail Reform Act, 18 U.S.C. § 3142.  (Dkt. 22.)  The Government opposes Defendant's Motion.  (Dkt. 25.)

Pursuant to 18 U.S.C. § 3142(g), to determine whether there are conditions of release that will reasonably assure the future appearance of a defendant, the Court must consider the following factors: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence

against the person; (3) the history and characteristics of the person; and (4) the risk of danger to any person or the community that the defendant would present if released.

Defendant is charged in an indictment with knowingly and intentionally possessing with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, §§ 841(a)(1) and (b)(1)(B)(iii).  (Dkt. 1.)  The Government maintains Defendant possessed with the intent to distribute more than 100 grams of cocaine base.  (Dkt. 25.)  As such, there is a statutory rebuttable presumption that no condition or combination of conditions will reasonably assure that Defendant is not a risk of flight or danger to the community.  *See* 18 U.S.C. § 3142(e)(3)(B).

Based upon the proffer provided by the Government and the arguments of counsel for the Government and Defendant, the Court again finds that the relevant factors set forth in 18 U.S.C. § 3142(g) continue to weigh heavily in favor of detention.  In light of the credible information submitted by the Government, the Court is satisfied by clear and convincing evidence that no conditions or combination of conditions will reasonably assure the safety of the community.  The Court also finds that the Government has established that Defendant's pre-trial release presents a risk of flight and no conditions are available to help assure his appearance at future Court proceedings.  Specifically, due to the weight of the evidence in this case, the seriousness of the offenses, Defendant's record of convictions for fleeing or eluding, aggravated assault, possession of marijuana and cocaine, charges for battery and aggravated battery on a law enforcement officer, record of numerous violations of probation, and Defendant's testing positive for marijuana and cocaine on June 2, 2016, after his arrest in this case, the Court finds that there are no conditions

available at this time to assure that Defendant would not be a danger to the community or a risk of flight should he be released.

The Court also finds that Defendant has not rebutted the statutory presumptions arising from such circumstances that no condition or combination of conditions will reasonably assure that he is not a risk of flight or a danger to the community.  From the Government's proffer and Defendant's counsel's arguments at the hearing, at the time of his arrest, although police officers drove behind Defendant with police lights flashing, Defendant did not immediately stop his vehicle.  Instead, according to the Government, Defendant continued to drive his vehicle and led police on a "low speed chase."  Defendant eventually stopped his vehicle, allegedly threw drugs out of his vehicle, and was arrested.  Given the circumstances proffered concerning Defendant's flight at the time of his arrest and past conviction for fleeing or eluding, Defendant's release pending trial in this case would present a risk of flight and no conditions or combination of conditions are available to help assure Defendant's future appearance in Court.  Therefore, Defendant's continued detention in this case is warranted.  Accordingly, Defendant is **ORDERED** to remain **DETAINED**.  It is further,

**ORDERED** that Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with counsel.  On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a

United States Marshal for the purpose of an appearance in connection with a court proceeding.

      **DONE** and **ORDERED** in Tampa, Florida, on July 5, 2016.

_____

JULIE S. SNEED

UNITED STATES MAGISTRATE JUDGE